[Civ. No. 59135. Second Dist., Div. Five. Jan. 28, 1981.]

LINDA L. STEVENS, Plaintiff and Appellant, v.
CESSNA AIRCRAFT COMPANY, Defendant and Respondent.

432

---

COUNSEL

Ernest A. Panizzon for Plaintiff and Appellant.

Brill, Hunt & DeBuys and John C. Barber for Defendant and Respondent.

## OPINION

**ASHBY, J.**—In this wrongful death action plaintiff Linda L. Stevens appeals from a summary judgment entered in favor of defendant Cessna Aircraft Company. Plaintiff's decedent was a passenger who was killed in the crash of a four-passenger airplane manufactured by defendant.

Plaintiff's theory of the case against defendant is that the plane crashed because the pilot and three passengers were too heavy for the plane's capabilities and that the plane was defective because it failed to contain a warning posted for *passengers* as to the load capacity. Plaintiff stated in her own declaration and answers to interrogatories that the pilot added up the weights of the three passengers and told them there would be no problem. Plaintiff contended that if a warning had been posted in the passenger compartment telling how many pounds of cargo and passengers the plane was capable of carrying, decedent or one of the other passengers would not have flown and the accident could have been avoided.

The trial court held that failure to provide such warning did not create liability, and granted summary judgment. We affirm.

Although, as plaintiff contends, a product may be defective if inadequate warning is given as to its use, the passengers are not the operators of an airplane. ■ It is the pilot who has control of the airplane and the responsibility under federal regulations to determine aircraft weight prior to takeoff. (*Newing* v. *Cheatham* (1975) 15 Cal.3d 351, 362 [124 Cal.Rptr. 193, 540 P.2d 33]; 14 C.F.R. §§ 91.3, 91.5, 91.31 (1978).) The owner's manual for this type of aircraft contained the necessary information for use by the pilot. Defendant did not have a duty to provide such information to the passengers also.

The simple warning notice for the passenger compartment suggested by plaintiff would not be effective. Whether the plane can fly safely with a given total weight of passengers depends upon too many additional factors for a passenger to make an informed and intelligent

judgment from such a notice. Being a passenger in an airplane is not like being a passenger, as analogized by plaintiff, in an elevator, or a golf cart. (*Cavers* v. *Cushman Motor Sales, Inc.* (1979) 95 Cal.App.3d 338 [157 Cal.Rptr. 142].) In the airplane situation the passenger necessarily depends upon the skill and judgment of the pilot to determine the load capacity of the airplane in light of the flying conditions to be encountered. Plaintiff's argument implies logically that numerous other bits of information should be posted in the passenger compartment to enable the passengers to second-guess the pilot on a myriad of flying decisions. It would be impossible ultimately to provide meaningful information to the passenger, and in the long run a rule requiring the manufacturer to provide such information directly to the passenger would not be in the interests of passenger safety.

Plaintiff also contends the declarations in support of the motion for summary judgment are hearsay. She does not specify what portions of the declarations she contends were inadmissible. We find no error. (2) "The motion shall be supported or opposed by affidavits, declarations, admissions, answers to interrogatories, depositions and matters of which judicial notice shall or may be taken." (Code Civ. Proc., § 437c.) Thus it was proper to rely upon plaintiff's answers to interrogatories. The responsibilities of the pilot could be established by reference to federal regulations, of which judicial notice could be taken. (*Newing* v. *Cheatham, supra*, 15 Cal.3d 351, 362.) Defendant's executive engineer, Obed T. Wells, submitted a declaration which illustrated the methods by which a pilot should determine the plane's load capacity under the instructions in the owners's manual and applicable federal regulations. Wells' personal familiarity with the subject adequately appears from his declaration, his having been employed by defendant since 1938 and in the position of executive engineer since 1958.

The judgment is affirmed.

Kaus, P. J., and Hastings, J., concurred.